UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:22CV-00060-JHM

CODY ALLEN DENNISON                                    PLAINTIFF

V.

DAVIESS COUNTY, et al.                                     DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on motions for summary judgment by Defendants pursuant to Fed. R. Civ. P. 56. [DN 40, DN 41]. Fully briefed, these matters are ripe for decision.

**I. BACKGROUND**

Plaintiff Cody Allen Dennison was incarcerated as a pre-trial detainee at the Daviess County Detention Center ("DCDC"). He filed a *pro se* civil rights action under 42 U.S.C. § 1983 alleging that Daviess County, Southern Health Partners ("SHP"), Nurse Nicole Fentress, Nurse Cassandra Thompson, Nurse Jenny Phillips, DCDC Lieutenant James Wyatt, and DCDC Captain Joseph Moore were deliberately indifferent to Dennison's medical needs in violation of the Fourteenth Amendment to the United States Constitution. [DN 1; *see also* DN 25, DN 26]. Specifically, Dennison asserts that he failed to receive an eye exam or eyeglasses despite his need for both. [*Id.*].

On January 16, 2022, Dennison initially submitted a sick call stating "I need some glasses." [DN 19 at 2]. Nurse Fentress stated that "[m]edical does not provide glasses." [*Id.*]. On January 19, 2022, Dennison submitted another sick call stating "I need a pair of readers" to which Nurse Fentress once again replied that "[m]edical does not provide glasses." [*Id.* at 3]. On January 24, 2022, Dennison followed-up with another sick call stating: "who can I speak to about gettin my

glasses im under you'll insurance an need my glasses I cant see with out them what if I run in to someone an they not having a good day an they just punch on me or can you'll fix the pair I have because I don't have the tools to do it please an thank u very much." [*Id.* at 4]. Nurse Fentress responded that "[m]edical does not provide glasses. If you have glasses at home someone can drop them off." [*Id.*].

On February 2, 2022, Dennison requested glasses once again noting that the lack of glasses "makes my daily objects difficult please help." [*Id.* at 5]. Nurse Phillips responded that "[w]e do not pay for glasses and eye exams." [*Id.*]. On February 11, 2022, Dennison submitted a sick call indicating that he was having bad headaches. Nurse Fentress granted the sick call, but Dennison refused the sick call on February 14, 2022. [*Id.* at 6]. On February 22, 2022, Dennison submitted another sick call, and the notes reflect that he was seen for the sick call. [*Id.* at 7]. On February 25, 2022, Dennison filed a grievance regarding the failure of medical to provide him an eye exam and glasses. [*Id.* at 13]. Lieutenant Wyatt responded that if Dennison wanted "eye glasses [he] would have to prepay for the exam and glasses. You will also have to pay for deputies to escort you to the eye Dr." [*Id.*]. Dennison filed an appeal of the grievance indicating he was indigent and Captain Moore responded that "[s]ometimes we have donation glasses in medical. However, the need for glasses all depend on how bad your sight is." [*Id.*]. Dennison then filed a second appeal on March 10, 2022, asking how to get an eye exam and was informed by Officer Jack Jones to "[p]lease contact the medical department concerning this issue." [*Id.*].

On March 10, 2022, Dennison submitted a medical grievance indicating that "the jailer said you'll do . . . glasses an to medical sick call this problem." [*Id.* at 8]. On March 15, 2022, Nurse Phillips indicated that she would "bring [him] down tomorrow to discuss this with [him]." [*Id.*]. On April 25, 2022, Dennison submitted another grievance and another sick call indicating

2

that he had been waiting for medical to come and see him about his glasses, but they never came. [*Id.* at 9–10]. On April 28, 2022, Nurse Phillips indicated that she had spoken to him on April 27, 2022, at sick call. [*Id.*]. On that same day, Dennison submitted another medical sick call indicating that he had headaches, and Nurse Thompson marked that it had been "resolved." [*Id.* at 11]. Additionally, Dennison filed another grievance on April 28, 2022, stating: "you'll told me yesterday that you'll dont fund me getting glasses because I'm not a federal inmate so can I get that in writing thank you or some kinda written statement about this which is required." [*Id.* at 12]. Nurse Fentress responded: "I am not really sure what paper you are asking for Mr. Dennison I offered to try to repair your glasses but you denied that offer." [*Id.*].

Defendants SHP, Fentress, Thompson, Phillips, Daviess County, Wyatt, and Moore now move for summary judgment. [DN 40, DN 41]. Dennison filed a response. [DN 48].

## II. STANDARD OF REVIEW

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show that there is some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the Federal Rules of Civil Procedure require the non-moving party to

present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

### III. DISCUSSION

#### A. § 1983

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Kentucky Dept. of Corrections*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Under § 1983, a municipality can be held liable only if the plaintiff demonstrates that the injury suffered was a direct result of the municipality's official policy or custom. *Monell v. Dept. of Social Services*, 436 U.S. 658, 691 (1978). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dept.*, 8 F.3d 358, 364 (6th Cir. 1993)). The Sixth Circuit has held that, for purposes of liability under § 1983, this standard also applies to a private entity, such as SHP, which has contracted with a municipality to provide

4

medical services to inmates. *See*, *e.g.*, *Winkler v. Madison Cnty.*, 893 F.3d 877, 904 (6th Cir. 2018) ("A private entity . . . that contracts to provide medical services at a jail can be held liable under § 1983 because it is carrying out a traditional state function") (citing *Johnson v. Karnes*, 398 F.3d 868, 877 (6th Cir. 2005)).

### B. Fourteenth Amendment Deliberate Indifference

Dennison asserts a Fourteenth Amendment deliberate indifference claim against SHP, Daviess County, and the Individual Defendants[1]. "Pretrial detainees have a right to adequate medical care under the Fourteenth Amendment. An officer violates that right if that officer shows deliberate indifference to [a pretrial detainee's] serious medical needs[.]" *Hyman v. Lewis*, 27 F.4th 1233, 1237 (6th Cir. 2022) (internal citations and quotation marks omitted); *Gist v. Trinity Services Group*, No. 3:22-CV-P270-CHB, 2023 WL 2531735, at *4 (W.D. Ky. Mar. 15, 2023). A pretrial detainee must satisfy two elements for a claim based on deliberate indifference to a medical need under the Fourteenth Amendment: (1) he "had a sufficiently serious medical need and (2) that each defendant acted deliberately (not accidentally), [and] also recklessly in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Helphenstine v. Lewis Cnty., Kentucky*, 60 F.4th 305, 317 (6th Cir. 2023) (quoting *Brawner v. Scott Cnty.*, 14 F.4th 585, 596 (6th Cir. 2021) (internal quotation marks omitted)).

Dennison fails to provide any evidence that his need for eyeglasses is a sufficiently serious medical need. The need "for prescription eyeglasses could conceivably constitute a serious medical need." *Conway v. Trummel*, No. 17-CV-00110-MJR, 2017 WL 895603, at *2 (S.D. Ill. Mar. 7, 2017). "'But, of course, just because the need for glasses could constitute a serious medical

---

[1] In the original complaint [DN 1], while Dennison did not check the box as suing the individual defendants in their individual capacity, the Court in its § 1915A review construed his complaint as stating both individual and official capacity claims. [DN 9].

need, does not mean that it must.'" *Johnson v. Redmond*, No. 17 C 50210, 2017 WL 6813706, at *2 (N.D. Ill. Oct. 30, 2017) (quoting *Padilla v. Ruck*, No. 14-CV-98-JPS, 2015 WL 2402012, at *8 (E.D. Wis. May 20, 2015) (emphasis in original)).

In fact, in the majority of cases located by the Court, an allegation that an inmate "was denied medically prescribed eyeglasses" and "needed them to see on a daily basis," even coupled with headaches and nausea, did not establish that a lack of eyeglasses rises to the level of a serious medical need. *See Conway*, 2017 WL 895603, at *3; *Johnson*, 2017 WL 6813706, at *2; *Wagner v. City of Saint Louis Dept. of Pub. Safety*, No. 4:12CV01901 AGF, 2014 WL 3529678, at *8 (E.D. Mo. July 16, 2014); *Rodriguez v. Wiley*, No. 08CV02505–PAB–CBS, 2010 WL 1348017, at *12 (D. Colo. Feb. 25, 2010); *Washington v. City of University City*, No. 4:09–CV–0784 HEA, 2012 WL 1134029, at *4–5 (E.D. Mo. Mar. 31, 2012); *Gonzalez v. Henderson Det. Ctr.*, No. 2:11-CV-00789-RLH, 2011 WL 4834461, at *3 (D. Nev. Oct. 12, 2011); *Freshwater v. Brankle*, No. 1:04-CV-2-TS, 2005 WL 3159151, at *6 (N.D. Ind. Nov. 28, 2005) (detainee who asserted that the jail was obligated to provide free prescription glasses "to alleviate headaches, blurred vision, and watery and burning eyes when reading" but was able to perform tasks such as submitting handwritten grievances did not sufficiently allege that he had an objectively serious medical need).

Here, Dennison presents evidence that he has prescription eyeglasses and his glasses are broken. He attributes headaches and difficulty with his daily tasks to his inability to obtain new prescription eyeglasses. Despite his alleged difficulty with daily tasks, the record reflects that both before and after he filed this current action, Dennison applied to work as a trustee at the detention center [DN 41-3] and to enroll in GED classes [DN 41-4]. Additionally, despite his allged need for eyeglasses, the record also reflects that on at least one occasion, he refused Nurse Fentress's offer to attempt to repair his glasses. [DN 19 at 12]. Upon consideration of the relevant case law

6

and the record before it, the Court concludes that Dennison cannot demonstrate that he had an objectively serious medical need for an eye examination and/or new eyeglasses.

Since Plaintiff has failed to prove a constitutional violation, summary judgment is appropriate on his Fourteenth Amendment deliberate indifference claim in favor of all Defendants, including Daviess County and SHP. *Griffith v. Franklin Cnty.*, 975 F. 3d 554, 581 (6th Cir. 2020) (citing *Baker v. City of Trenton*, 936 F.3d 523, 535 (6th Cir. 2019)) ("[W]here there has been no showing of individual constitutional violations . . . there can be no municipal liability.")

### C. Grievance Denials

In as much as Dennison attempts to bring a claim against Wyatt and Moore based on the denial of his grievance, "[t]he 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "The mere denial of a prisoner's grievance states no claim of constitutional dimension." *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003). A plaintiff's claim is against the subjects of his grievances, not those who merely decided whether to grant or deny the grievances. *See Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) ("Skinner's complaint regarding Wolfenbarger's denial of Skinner's grievance appeal . . .fails to state a claim."); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance."); *Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care."). Thus, where the only allegation against a defendant relates to the denial of a grievance, a plaintiff fails to allege any personal involvement by the defendant in the alleged constitutional violation. *Id.*

Therefore, Dennison's claims against Wyatt and Moore based on their denial of his grievances will be dismissed.

### IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendants' motions for summary judgment [DN 40, DN 41] are **GRANTED**. Judgment will be entered consistent with the opinion.

Joseph H. McKinley Jr., Senior Judge
United States District Court

April 5, 2023

cc: Plaintiff, *pro se*
Counsel of Record